# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1444

———————

Halver Bailey, et al.,                              *
                                                    *
        Plaintiffs - Appellees,                     *
                                                    *   Appeal from the United States
v.                                                  *   District Court for the
                                                    *   District of Minnesota.
Ameriquest Mortgage Company,                        *
                                                    *
        Defendant - Appellant.                      *

———————

Submitted:  November 4, 2002

Filed:  October 14, 2003

———————

Before WOLLMAN, FAGG, and LOKEN,* Circuit Judges.

———————

LOKEN, Chief Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by present and former account executives at Ameriquest Mortgage Company ("Ameriquest"), who allege that they often work more than forty hours per week without being paid overtime compensation the FLSA requires.  Ameriquest moved to compel arbitration pursuant to the standard-form Mutual Agreement to Arbitrate Claims signed by Ameriquest and each account executive (the "Arbitration

———————

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

Agreement"). The district court denied the motion. Relying upon decisions from other circuits, the court concluded that the Arbitration Agreement is unenforceable because certain of its terms are inconsistent with the account executives' procedural and remedial rights under the FLSA.[1] In so ruling, the court ignored the provision in the Arbitration Agreement giving the arbitrator "exclusive authority to resolve" disputes over the validity of any part of the agreement. The court also ignored controlling decisions of this court which have declined to follow the decisions from other circuits on which the district court relied. See Arkcom Digital Corp. v. Xerox Corp., 289 F.3d 536, 538-39 (8th Cir. 2002).

Ameriquest appeals the order denying its motion to compel arbitration. Though the order is interlocutory, we have jurisdiction under the Federal Arbitration Act (FAA) to review it. See 9 U.S.C. § 16(a)(1)(B). The scope of our review is narrow; we determine only "whether there is a valid agreement to arbitrate and whether the specific dispute at issue falls within the substantive scope of that agreement." Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001). We reverse.

The Arbitration Agreement clearly encompasses the FLSA claims at issue, for the agreement broadly applies to all account executive claims, whether contractual or statutory, "for wages or other compensation due." The Supreme Court has repeatedly held that contracts to arbitrate federal statutory claims are enforceable unless "Congress has evinced an intention to preclude a waiver of judicial remedies

---

[1]The account executives argue that the Arbitration Agreement is unenforceable because its one-year statute of limitations unlawfully limits the damages they may recover under the FLSA; because the agreement's cost-sharing provision may impose significantly greater costs than a judicial forum; because the California venue provision may increase costs and discourage the assertion of FLSA claims; and because the agreement does not expressly provide for collective action, as the FLSA does, see 29 U.S.C. § 216(b).

for the statutory rights at issue." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 90 (2000). That exception is not an issue here. The Court upheld the arbitrability of federal age discrimination claims in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), and the age discrimination statute there at issue had borrowed its remedial provisions from the previously enacted FLSA. See 29 U.S.C. § 626(b).

The FAA provides that arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Based upon that § 2 proviso, the Supreme Court has noted an exception to the general rule that agreements to arbitrate federal statutory claims are enforceable:

> Of course, courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract.

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 627 (1985) (quotation omitted), followed in Gilmer, 500 U.S. at 33, and in Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). In this case, though plaintiffs complain that the Arbitration Agreement was presented to account executives on a take-it-or-leave-it basis, there is no evidence of "fraud or overwhelming economic power." The agreement contains an express acknowledgment that the account executive has discussed its terms with an attorney "to the extent I wish to do so."[2]

Rather than invoke this narrow exception that the Supreme Court has recognized but never applied, the district court applied a far broader exception to arbitrability, declaring invalid and unenforceable an agreement to arbitrate that

---

[2]"Mere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." Gilmer, 500 U.S. at 33.

applies to a wide variety of claims because some of its procedural terms and remedial limitations appear to be facially inconsistent with the FLSA statutory claims being asserted by the account executives. In our view, the court's analysis reflects an outmoded judicial hostility to arbitration that the Supreme Court has consistently rejected in construing the FAA. The court's decision is contrary to controlling decisions of the Supreme Court and this court for two distinct reasons.

First, while a party does not forgo substantive statutory rights by agreeing to arbitrate statutory claims, see Gilmer, 500 U.S. at 26, the Court has evidenced its confidence that arbitrators are perfectly capable of protecting statutory rights when the parties have conferred the authority to decide statutory claims. In PacifiCare Health Sys., Inc. v. Book, 123 S. Ct. 1531, 1536 (2003), for example, where plaintiffs alleged that the limited remedies in the agreement to arbitrate were inconsistent with their federal statutory rights, the Court held that it was proper to compel arbitration because "we do not know how the arbitrator will construe the remedial limitations." Similarly, the Court has held that procedural questions "which grow out of the dispute and bear on its final disposition" are presumptively for the arbitrator, not a judge, to decide. Howsam v. Dean Witter Reynolds, Inc., 123 S. Ct. 588, 592 (2002) (quotation omitted). Accord Green Tree Fin. Corp. v. Bazzle, 123 S. Ct. 2402, 2407-08 (2003). When an agreement to arbitrate encompasses statutory claims, the arbitrator has the authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in the agreement that would otherwise apply.[3] Based upon these principles and Supreme Court precedent, we held in Larry's United Super, 253 F.3d at 1086, and again in Arkcom, 289 F.3d at 539, that the extent of an arbitrator's procedural and remedial authority are issues for the arbitrator to

---

[3]Here, the Arbitration Agreement expressly requires the arbitrator to apply applicable federal and state law, authorizes the arbitrator to conclude that any part of the agreement is void or voidable, and provides for the severability of any unenforceable terms.

resolve in the first instance. Accord Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 681-82 (8th Cir. 2001).

Second, in denying Ameriquest's motion to compel arbitration, the district court compared the terms of the Arbitration Agreement with the provisions of the FLSA and declared the agreement to arbitrate unenforceable. We will assume without deciding that the grounds-for-revocation proviso in 9 U.S.C. § 2 creates an exception to arbitrability over and above the "fraud or overwhelming economic power" exception noted in Gilmer. But even if that is true, the district court's decision is contrary to AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986), where the Court adopted the rule that issues of arbitrability are to be decided by the arbitrator in the first instance if the agreement to arbitrate "clearly and unmistakably" so provides. Accord First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944-45 (1995). In this case, the Arbitration Agreement clearly and unmistakably left the issues addressed by the district court to the arbitrators in the first instance.

For these reasons, the district court erred in denying the motion to compel arbitration. Its Order of January 23, 2002 is reversed. The mandate shall issue forthwith.

_____