881 So.2d 7 (2004)
AMERICAN INTERNATIONAL GROUP, INC., Illinois National Insurance Co., and National Union Fire Insurance Co. of Pittsburgh, PA, Appellants,
v.
SIEMENS BUILDING TECHNOLOGIES, INC., as corporate successor to Security Technologies Group, Inc., Appellee.
No. 3D04-112.
District Court of Appeal of Florida, Third District.
June 2, 2004.
Rehearing and Rehearing Denied September 10, 2004.
*8 Steel Hector & Davis and Lewis F. Murphy and Wendy S. Leavitt and Carlotta J. Roos, Miami, for appellants.
Julian H. Kreeger; Podhurst Orseck and Joel D. Eaton, Miami, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and WELLS, JJ.
Rehearing and Rehearing En Banc Denied September 10, 2004.
SCHWARTZ, Chief Judge.
The trial judge denied the appellant-insurers' application for arbitration of a coverage dispute in accordance with a provision[1] of their pertinent insurance polices. We reverse.

*9 I.
The trial court's ruling was based on its determination that, under the so called reverse-preemption doctrine, the McCarran-Ferguson Act, which prevents a federal statute from "invalidat[ing], impair[ing], or supersed[ing] any law enacted by any State for the purpose of regulating the business of insurance," 15 U.S.C. § 1012, precluded the applicability of the Federal Arbitration Act, which would have otherwise validated the arbitration clause. The court so held on the ground that clause was in conflict with section 627.428(1) of the Florida Insurance Code,[2] that a successful insured in an action like this one on an insurance policy must be awarded attorney's fees. See § 627.428(1), Fla. Stat. (2003); Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209 (11th Cir.2001), cert. denied, 535 U.S. 1018, 122 S.Ct. 1608, 152 L.Ed.2d 622 (2002); Mayard-Paul v. The Mega Life & Health Ins. Co., No. 01CV3488, 2001 WL 1711519 (S.D.Fla. Dec.21, 2001). This conclusion  that the arbitration clause was in validated by section 627.428(1)  was, in turn, based on the fact that the clause in question[3] unlike the statute, does not require, but merely permits an award of attorney's fees in such a situation. ("The arbitrators' award shall not include... unless otherwise decided by the arbitrators, costs or attorneys' fees."[e.s.]). Because the controlling law is that such a provision does not, within the meaning of the McCarran-Ferguson Act "invalidate, impair, or supersede" section 627.428(1), we must disagree.
In PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003), the Supreme Court squarely held that the mere fact that arbitrators may, even though not required to do so by the arbitration clause, reach a decision in accordance with the allegedly conflicting law, does not preclude arbitration. That PacifiCare requires reversal in this case is demonstrated by Fernandez v. Clear Channel Broadcasting, Inc., 268 F.Supp.2d 1365 (S.D.Fla.2003). That case concerned a conceptually identical situation in which McCarran-Ferguson preclusion was asserted because of an alleged conflict between a permissive attorney fees provision of the arbitration clause and a mandatory attorney's fees requirement of the Fair Labor Standards Act. The court held:
Plaintiff further argues that the Arbitration Agreement is unenforceable because "the Agreement only provides for *10 attorneys fees in the `discretion' of the arbitrators" in contravention of the "FLSA [which] provides for a mandatory award of attorney's fees...." Response at 5. As stated above, the Arbitration Agreement provides that "if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees, pursuant to the governing law, at his/her discretion." Arbitration Agreement at 5. Plaintiff argues that the language "at his/her discretion" renders the Arbitration Agreement unenforceable because it deprives Plaintiff a type of relief that would otherwise be available in court. See Response at 5.
Plaintiff's claim that the Arbitration Agreement will deprive him of the mandatory attorney's fees if he succeeds at mediation is premature. In In re Humana Inc. Managed Care Litigation, 285 F.3d 971 (11th Cir.2002), the Eleventh Circuit had affirmed the district court's finding that the defendant managed-health-care organizations' arbitration clauses, which specifically prohibited punitive damages, were unenforceable because they precluded the recovery of treble damages under the Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. See In re Humana, 285 F.3d at 973. On appeal, the Supreme Court disagreed and found that the terms of the agreements were ambiguous as to whether they actually prevented the arbitrator from awarding treble damages. See PacifiCare Health Systems, Inc. v. Book, 538 U.S. 401, 406-07, 123 S.Ct. 1531, 1535-36, 155 L.Ed.2d 578 (2003). The Supreme Court compelled arbitration, stating that
we should not, on the basis of "mere speculation" that an arbitrator might interpret these ambiguous agreements in a manner that casts their enforceability into doubt, take upon ourselves the authority to decide the antecedent question of how the ambiguity is to be resolved. In short, since we do not know how the arbitrator will construe the remedial limitations, the questions whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract [and, therefore,] the proper course is to compel arbitration. Id.

Fernandez, 268 F.Supp.2d at 1368-69. See also Curry v. MidAmerica Care Foundation, No. TH02-0053-CT/H, 2002 WL 1821808 (S.D.Ind. June 4, 2002) (compelling arbitration and construing arbitration agreement as allowing the arbitrator to award fees where allowed by statute); Large v. Conseco Finance Servicing Corp., 292 F.3d 49 (1st Cir.2002)(compelling arbitration where arbitration clause gave arbitrators the discretion to award costs and fees); DeGroff v. MascoTech Forming Technologies, Inc., 179 F.Supp.2d 896 (N.D.Ind.2001)(recognizing strong policy favoring enforcement of arbitration agreements and holding that discretionary fee provision did not preclude fees or void agreement). See also Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107, 1108 (Fla. 3d DCA 1995)(recognizing "that arbitration clauses... are to be given the broadest possible interpretation to accomplish the salutary purpose of resolving controversies out of court.").
On the other hand, neither of the appellee's contrary arguments are well taken. Specifically, Mayard-Paul is not controlling because the arbitration clause in that case specifically forbade an award of attorney's fees, thus rendering the conflict between the clause and the Federal Arbitration Act on the one hand and section *11 627.428(1), direct and inescapable. Secondly, the claim that PacifiCare applies only to the arbitrator's resolution of ambiguous provisions in the agreement is belied by the authorities, which squarely hold otherwise. See Discount Trophy & Co.v. Plastic Dress-Up Co., No. Civ. 3:03CV2167(MRK), 2004 WL 350477, at *6 n. 10, (D.Conn. Feb.19, 2004) ("[Ambiguity or lack of clarity in the arbitration clause] is not the point of [PacifiCare and Vimar]. Instead, each decision recognizes that when it is unclear whether the arbitrator will rule in a way that (in those cases) would be contrary to federal law, the FAA requires the Court to enforce the arbitration clause, and leave that decision in the first instance to the arbitrator."); Bailey v. Ameriquest Mortgage Co., 346 F.3d 821, 823-24 (8th Cir.2003)("In PacifiCare ... where plaintiffs alleged that the limited remedies in the agreement to arbitrate were inconsistent with their federal statutory rights, the Court held that it was proper to compel arbitration because `we do not know how the arbitrator will construe the remedial limitations.' ... When an agreement to arbitrate encompasses statutory claims, the arbitrator has the authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in the agreement that would otherwise apply.... [T]he extent of an arbitrator's procedural and remedial authority are issues for the arbitrator to resolve in the first instance."); Ciago v. Ameriquest Mtg. Co., 295 F.Supp.2d 324, 333 (S.D.N.Y.2003)("`[A]rbitrators are perfectly capable of protecting statutory rights when the parties have conferred the authority to decide statutory claims.'")(quoting Bailey, 346 F.3d at 823).[4]

II.
In a fall-back, right-for-the-wrong-reason argument, the appellee also claims that the arbitration clause is unenforceable because of its preclusion of an award of punitive damages. The McCarran-Ferguson Act limits reverse preemption, however, only to laws "enacted by any State." 15 U.S.C. § 1012. In this case, as in American Pioneer Life Insurance Co. v. Gorin, 829 So.2d 238, 238 (Fla. 3d DCA 2002), the plaintiff has "failed to `demonstrate that application of the [Federal Arbitration Act] would invalidate, impair, or supersede a particular state law that regulates the business of insurance.'" (citing American Heritage Life Insurance Co. v. Orr, 294 F.3d 702, 708 (5th Cir.2002)). While the insured cites section 624.155, Florida Statutes (2003),[5] (a) the *12 insured's complaint does not seek damages under that statute and (b) section 624.155, Florida Statutes (2003), is in any event not a "law ... regulating insurance", to which McCarran-Ferguson might apply. Anschultz v. Connecticut General Life Insurance Co., 850 F.2d 1467 (11th Cir.1988). While it is true that the clause precludes an otherwise available claim for punitive damages on the insured's claim of fraud, which is alleged in the complaint, that punitive damage claim is conferred only by the common law, not by statute. It is well settled that the parties are free to "contract out," by an arbitration provision or otherwise, of any common law remedy which might otherwise be available. See 17 Am.Jur.2d Contracts § 709 (2004).
For these reasons, the order on review is reversed and the cause remanded with directions to submit the controversy to arbitration.
Reversed and remanded.
NOTES
[1] 9. ARBITRATION

It is hereby understood and agreed that all disputes or differences which may arise under or in connection with this Agreement, including any determination of the amount of Loss, shall be submitted to the American Arbitration Association under and in accordance with its then prevailing commercial arbitration rules....
Any such arbitration shall take place in New York, New York. The internal laws of the state of New York shall govern the construction and interpretation of the provisions of this Agreement without giving effect to the principles of conflict of laws thereof; provided, however, that the terms, conditions, provisions and exclusions of this Agreement are to be construed in an evenhanded fashion as between the parties, including without limitation, where the language of this Agreement is alleged to be ambiguous or otherwise unclear, the issue shall be resolved in the matter most consistent with the relevant terms, conditions, provisions or exclusions of the policy (without regard to the authorship of the language or the doctrine of reasonable expectation of the parties and without any presumption or arbitrary interpretation or construction in favor of either party or parties) and in accordance with the intent of the parties.
The written decision of the arbitrators shall be provided to both parties and shall be binding on them. The arbitrators' award shall not include punitive or exemplary damages except to the extent recoverable as Loss, or, unless otherwise decided by the arbitrators, costs or attorneys' fees. Except as specifically provided herein, each party shall bear equally the expenses of the arbitration. The decision of the arbitrators shall be enforceable in any court having jurisdiction over the party against whom the award was rendered.
[2] 627.428 Attorney's fee. 

(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
[3] The arbitrators' award shall not include punitive or exemplary damages except to the extent recoverable as Loss, or, unless otherwise decided by the arbitrators, costs or attorneys' fees. [e.s.]
[4] Our decision makes it unnecessary to consider the effect of the appellants' specific concession in open court at oral argument that the arbitrators would, in fact, be required to award attorney's fees if they ruled for the appellee on the underlying coverage dispute. See Curry v. MidAmerica Care Foundation, No. TH02-0053-CT/H, 2002 WL 1821808 (S.D.Ind. June 4, 2002). This does not mean however that the appellants are not bound by that undertaking.
[5] 624.155 Civil Remedy. 

(4) Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff.
(5) No punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
(a) Willful, wanton, and malicious;
(b) In reckless disregard for the rights of any insured; or
(c) In reckless disregard for the rights of a beneficiary under a life insurance contract.
Any person who pursues a claim under this subsection shall post in advance the costs of discovery. Such costs shall be awarded to the authorized insurer if no punitive damages are awarded to the plaintiff.