**Cynthia FAUST, Plaintiff,**

**v.**

**COMMAND CENTER, INC., Defendant.**

**No. 4:07-cv-00039.**

United States District Court,
S.D. Iowa,
Central Division.

May 3, 2007.

[redacted]

[redacted]

[redacted]

---

Paige Ellen Fiedler, Brooke C. Timmer, Fiedler & Newkirk PLC, Urbandale, IA, for Plaintiff.

Helen C. Adams, Emily S. Pontius, Dickinson Mackaman Tyler & Hagen PC, Des Moines, IA, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS

PRATT, Chief Judge.

Before the Court is Defendant, Command Center, Inc.'s ("Command Center"), Motion to Compel Arbitration and Stay Judicial Proceedings, filed on March 19, 2007. Clerk's No. 13. Plaintiff, Cynthia Faust ("Faust"), filed a response on April 7, 2007. Clerk's No. 14. Command Center filed a reply on April 23, 2007. Clerk's No. 17. The matter is fully submitted. For the reasons discussed below, the motion is GRANTED.

## I. INTRODUCTION

Faust was employed as a Staffing Manager for Command Center from on or about February 13, 2006 through December 29, 2006. Faust alleges that she was subject to sex discrimination, sexual harassment, and retaliation by Command Center in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Iowa Civil Rights Act ("ICRA"). 42 U.S.C. § 2000e et seq.; Iowa Code § 216 et seq. The contract governing Faust's

employment, and by extension this dispute, is an at-will employment contract ("Employment Contract") signed by the respective parties on April 1, 2006. *See* Clerk's No. 13.1. The Employment Contract contains a dispute resolution clause, whereby Faust and Command Center agreed to submit any:

> [U]nresolved dispute or controversy arising under or in connection with this Contract, or the breach of this Contract, or your employment by us, including alleged violations of state or federal statutes, and including claims of discrimination, sexual or other harassment, retaliation, wrongful termination, compensation due or violation of civil rights ... to binding arbitration.... The arbitrator shall not have the authority to add to, detract from, or modify any provision of this Contract nor to award punitive damages to any injured party.

*See* Clerk's No. 13.1, Ex. A at ¶ 5.

Faust contends that the punitive damages limitation in the arbitration agreement violates public policy, principles of contract law, and the intent of Congress in drafting Title VII and is, therefore, unenforceable. Based upon these contentions, Faust argues that the Court should either: (1) enter an order compelling arbitration but declaring the punitive damages limitation to be unenforceable; or, (2) find the Employment Contract unenforceable in its entirety due to the inclusion of the punitive damages limitation. Command Center, in turn, contends that, in deciding whether to grant or deny a motion to compel arbitration, the Court's inquiry is limited to determining: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the scope of that agreement. Given this narrow scope of review, Command Center argues that this Court may not properly address reme-

dial issues at this stage on a motion to compel arbitration.

## II. LAW & ANALYSIS

In general, arbitration agreements are valid, enforceable contracts that seek to resolve disputes in arbitral rather than judicial forums. The United States Supreme Court has held that claims may be arbitrated so long as they present a substantive question and the dispute falls within the scope of a valid arbitration agreement. *See Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (explaining that "even claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute serves its functions" (internal citation and quotations omitted)).

Under Eighth Circuit jurisprudence, when a party moves to compel arbitration, the district court's role is limited to determining: (1) whether there is a valid agreement between the parties, and (2) whether the claim falls within the arbitration agreement. *Larry's United Super, Inc., v. Werries,* 253 F.3d 1083, 1085 (8th Cir.2001). Once the Court determines that there is a valid arbitration agreement and that the specific dispute at issue falls within the substantive scope of that agreement, the Court must compel arbitration and its duties are at an end. *See id.* at 1086. All other matters are referred to the arbitrator to decide. *See id.*

Here, Faust seeks to avoid such cursory treatment by contending that the arbitration agreement is not valid because it forecloses statutory remedies otherwise available to her under Title VII.[1] In the

---

1. Under the ICRA, punitive damages are prohibited in employment cases. *See, e.g., City of*

*Hampton v. Iowa Civil Rights Comm'n,* 554 N.W.2d 532, 537 (Iowa 1996).

Eighth Circuit, however, even where an arbitration agreement contains a clause that may be contrary to public policy (e.g., one foreclosing a statutory remedy), if there is a valid agreement and the claim falls within the scope of that agreement, arbitration should nevertheless be compelled.[2] *Arkcom Digital Corp., v. Xerox Corp.*, 289 F.3d 536, 537 (8th Cir.2002). That is, the particular issue of whether a waiver of punitive damages violates public policy is, at least in the first instance, a matter for the arbitrator to decide. *See Larry's United Super, Inc.*, 253 F.3d at 1086 (noting that "[a]ny argument that the provisions of the Arbitration Agreement involve a waiver of substantive rights afforded by the [federal] statute may be presented in the arbitral forum" (quoting *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 231 (3d Cir.1997))). Accordingly, to succeed on a motion to compel arbitration, Command Center need only show that it entered into a valid arbitration agreement with Faust, and that Faust's claims of sex discrimination, sexual harassment, and retaliation fall within the scope of that agreement. Command Center has made such a showing.

## III. CONCLUSION

For the reasons stated above, Command Center's Motion to Compel Arbitration and Stay Judicial Proceedings (Clerk's No. 13)

is GRANTED. The parties shall proceed to arbitration as provided in Paragraph 5 of the Employment Contract, and all federal judicial proceedings in this case are stayed.

IT IS SO ORDERED.

**2.** There is a circuit split on this issue. The Ninth and Eleventh Circuits have held that arbitration agreements that violate public policy by foreclosing statutory remedies are entirely invalid. *See, e.g., Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244 (9th Cir.1995); *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054 (11th Cir.1998). These courts have held that the court, not an arbitrator, should decide the merits of the case. Nevertheless, Eighth Circuit law remains to the contrary—such waiver does not effect the validity of the agreement to arbitrate itself and, at least at this juncture, this Court's role "extends only to determine whether a valid agreement to arbitrate exists, not to determine whether public policy conflicts with the remedies provided in the arbitration clause." *Larry's United Super, Inc.*, 253 F.3d at 1086. At least one commentator has noted that, considering fundamental matters such as "Congressional intent, basic contract law, judicial substantive rights, and judicial efficiency," courts that must take the opposite path of determining only whether the parties agreed to arbitrate the claim are thereby forced to apply "faulty logic." *See* Michele Ruscio, *The Enforceability of Arbitration Agreements that Foreclose Statutory Awarded Remedies*, 22 J.L. & Com. 125, 135, 140 (2003).