**MONEX DEPOSIT COMPANY, et al.**

v.

**Jason GILLIAM, et al.**

**Case No. SACV 09–287 JVS (ANx).**

United States District Court,
C.D. California.

May 18, 2009.

Neil Goteiner, Farella Braun + Martel LLP, San Francisco, CA, for Plaintiffs.

Hugo Torbet, Hugo Nicholas Torbet, Attorney at Law, San Francisco, CA, for Defendants.

**Proceedings: Defendant Richard Gilliam's Motion to Dismiss Two of Plaintiffs' Claims (Fld 4–20–09)**

**Plaintiffs' Motion to Compel Arbitration and to Stay Counterclaims (Fld 4–21–09)**

JAMES V. SELNA, District Judge.

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments.

The Court GRANTS the plaintiff's motion to compel arbitration and DENIES the defendant Richard Gilliam's motion to dismiss and rules in accordance with the tentative ruling as follows:

Counter Defendants Monex Deposit Company ("MDC") and Monex Credit Company ("MCC") (collectively, "Monex") move the Court for an order compelling arbitration of Counter Plaintiff Jason Gilliam's ("Jason's") counterclaims and staying the counterclaims pending arbitration pursuant to 9 U.S.C. §§ 3 and 4. Jason opposes. Richard Gilliam ("Richard") moves to dismiss the third and fourth claims of Monex's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Monex opposes. Monex's motion is GRANTED; all other relief is DENIED.

## I. *Motion to Compel Arbitration and Stay Counterclaims*

The Court first considers Monex's motion to compel arbitration of Jason's counterclaims.

### A. *Legal Standard*

■ Under the FAA, any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA eliminates district court discretion and requires the court to compel arbitration of issues covered by the arbitration agreement. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists, and whether the agreement encompasses the disputes at issue. *Chiron Corp. v. Ortho Diagnostic Sys.,*

*Inc.,* 207 F.3d 1126, 1130 (9th Cir.2000). When a case includes both arbitrable and non-arbitrable claims, the district court has discretion either to stay all the claims or to stay only the arbitrable claims and proceed with the non-arbitrable claims. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 n. 23, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *United States for the Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.,* 750 F.2d 1422, 1426–27 (9th Cir.1985).

### B. *Discussion*

Here, the arbitration clauses require arbitration of "any and all disputes, claims or controversies arising out of or relating to any transaction" between the Gilliams and Monex. (Goteiner Decl., Ex. A §§ 15.11(a), 31.1.) The counterclaims for which Monex seeks arbitration allege violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of fiduciary duty, and negligence, and seek declaratory relief arising out of failure to register as an investment adviser, illegal contract, and fraud in the inducement. (Docket No. 6.) Jason also requests damages, treble damages, costs, and attorneys' fees. (*Id.*)

Jason effectively concedes that the motion should be granted as to all counterclaims save for the RICO claim.[1] The Court therefore grants arbitration as to the non-RICO counterclaims. There is nothing to suggest the invalidity of the arbitration clauses as to these counterclaims, which clearly fall within the scope of the arbitration agreement at issue. Jason does not dispute these findings.

■ The only issue is whether arbitration is warranted as to the RICO claim. Jason contends that he cannot obtain

---

**1.** Jason only contends that "[t]his motion should be denied as to [the] RICO claim," without any attempt to dispute arbitration as to the other counterclaims. (Oppo. at 4.)

meaningful relief in arbitration for his RICO claim, such that the arbitration clauses at issue are unenforceable as to this claim. In pertinent part, the arbitration agreement provides:

> The parties agree that the damages available to any party bringing an action under this Agreement shall be *limited to any actual contract damages and tort damages* incurred by the party and proximately caused and resulting from the other party's alleged breach. This paragraph states the exclusive damage remedies available to the parties. In all matters, *each party shall be responsible for his, her, or its own attorneys fees.*

(Goteiner Decl., Ex. A §§ 15.11(k), 31.11, emphases supplied.) According to Jason, this agreement is unenforceable to the extent it imposes a remedial limitation, insulating Monex from treble damages available under RICO. 18 U.S.C. § 1964(c). Moreover, whereas RICO provides that Jason is entitled to recover attorney fees, 18 U.S.C. § 1964(c), the agreement above apparently denies this right (Goteiner Decl., Ex. A §§ 15.11(k), 31.11). Jason also points out that, whereas he is entitled to recover his costs of suit in a court proceeding, Fed.R.Civ.P. 54(d)(1), he is responsible for at least half of the cost of arbitration under the agreement (Goteiner Decl., Ex. A § 15.11(j)(1)).

Jason cites *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1062 (11th Cir.1998), and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), for the proposition that arbitration cannot be compelled if it "cannot provide a litigant with meaningful relief and the full panoply of remedies available under the law." (Oppo. at 4.) But Jason reads too much into these authorities.[2] Neither concerned an arbitration agreement imposing a remedial limitation on a RICO claim.[3] Nor, as here, did they contain a clause empowering the arbitrator to decide the scope and validity of the arbitration agreement.

The Court finds that these two points of distinction—the RICO claim and the validity clause—weigh heavily against Jason, and are dispositive of this motion, without the need to entertain Monex's additional arguments in favor of arbitration. Unlike Jason, Monex provides a number of on-point authorities, addressing analogous, if not nearly identical, situations as the one presented here.

Significantly, the arbitration agreement between Monex and the Gilliams twice provides that disputes over the "interpretation or validity of this Agreement, including the determination of the scope or applicability of this agreement to arbitrate, shall be ... submitted to final and binding arbitration." (Goteiner Decl., Ex. A §§ 15.11(a), 31.1.) The agreement also incorporates JAMS Rules providing that the arbitrator decides scope and validity disputes with respect to particular claims. (*Id.* § § 15.11(d), 31.4; Ex. B, JAMS Rule 11(a) ("[T]he Arbitrator shall resolve disputes about the interpretation and applicability of these Rules."); JAMS Rule 11(c) ("The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.").)

Against this backdrop, Monex cites several analogous authorities.

---

**2.** These cases do not support the sweeping proposition asserted by Jason. To the contrary, the Supreme Court in *Gilmer* held that an age discrimination claim was subject to compulsory arbitration under the arbitration clause in a securities registration application, even if arbitration was less ideal than litigation before a trial court. 500 U.S. at 35, 111 S.Ct. 1647.

**3.** *Paladino* was decided with respect to Title VII, *Gilmer* with respect to the Age Discrimination in Employment Act.

In *PacifiCare Health Systems, Inc. v. Book,* 538 U.S. 401, 123 S.Ct. 1531, 155 L.Ed.2d 578 (2003), the plaintiffs argued that the arbitration agreements at issue, which waived "punitive or exemplary damages," were unenforceable because they would prevent the arbitrator from awarding treble damages under RICO. *Id.* at 405, 123 S.Ct. 1531. The Supreme Court, however, noted that while it had sometimes treated statutory treble damages as punitive, it had treated them as remedial in other contexts. *Id.* Given its varying treatment of treble damages, the Court concluded:

> [S]ince we do not know how the arbitrator will construe the remedial limitations, the questions whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract. As in *Vimar,* the proper course is to compel arbitration.

*Id.* at 407, 123 S.Ct. 1531 (citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer,* 515 U.S. 528, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995)). It therefore held that the arbitrator should decide in the first instance whether the agreement actually precluded treble damages. *Id.* Similarly, in this case, the Court cannot be sure how the arbitrator will construe the remedial limitation,[4] or whether the arbitrator will render this clause unenforceable as to the RICO claim.

■ A similar issue was presented in *Larry's United Super, Inc. v. Werries,* 253 F.3d 1083 (8th Cir.2001), involving an arbitration clause challenged because it precluded an award of punitive damages and thus allegedly violated the public policy underlying RICO treble damages. *Id.* at

1084. The Eighth Circuit held that it was "limited to determining whether the matter is arbitrable" and assigned to the arbitrator the dispute over the remedies. *Id.* at 1086.

On a related note, "the validity of an arbitration clause is itself a matter for the arbitrator where the agreement so provides." *Awuah v. Coverall N. Am., Inc.,* 554 F.3d 7, 11 (1st Cir.2009); *accord Terminix Int'l Co. v. Palmer Ranch Ltd.,* 432 F.3d 1327, 1332–33 (11th Cir.2005); *Contec Corp. v. Remote Solution, Co.,* 398 F.3d 205, 208 (2d Cir.2005); *Bailey v. Ameriquest Mortgage Co.,* 346 F.3d 821, 822–23 (8th Cir.2003). In *Terminix International Co. v. Palmer Ranch Ltd.,* 432 F.3d 1327, 1329 & n. 2 (11th Cir.2005), for example, the party opposing arbitration argued that the arbitration agreement's remedial limitation would preclude an award of treble damages under Florida's RICO statute and, therefore, was unenforceable. The Eleventh Circuit held that the issue must go to the arbitrator, in part because of the contract's incorporation of an arbitration rule that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Id.* at 1332 (alteration in original) (citing the arbitration agreement at issue). There was thus "no reason for [the court] to decide the ... validity of the remedial restrictions...." *Id.*

In accordance with these authorities, the Court therefore grants arbitration of the RICO claim.

But our inquiry does not end here. In the event that the arbitrator finds that the "arbitration agreement is contained in an

---

4. For example, the arbitrator may find the remedial limitation provisions unenforceable, and thus construe the agreement to allow treble damages notwithstanding language limiting damages to contract and tort damages, and may similarly construe the agreement to allow attorney fees notwithstanding contrary language.

illegal contract, [Jason] may avoid arbitration altogether." *Moncharsh v. Heily & Blase,* 3 Cal.4th 1, 29–30, 10 Cal.Rptr.2d 183, 832 P.2d 899 (1992).[5] Jason contends that the arbitrator may well rule that Monex's brokerage contract is illegal, such that the arbitration clause will be unenforceable as to all claims and the non-RICO claims will revert back to this Court. Jason therefore urges the Court "to stay all the claims seeking damages of all the parties in this case until such a time as the arbitrator decides whether or not the brokerage contract is illegal." (Oppo. at 6–7.)

However, to the extent the Court may compel arbitration "even where the result would be the possibly inefficient maintenance of separate proceedings in different forums," the Court declines to stay all claims. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). In any event, Jason's request for a stay is procedurally improper.

II. *Motion to Dismiss*

Pursuant to the parties' stipulation (Docket No. 119), Monex has filed an amended complaint that does not include claims for attempted extortion and attempted conversion (Docket No. 119). *See* Fed.R.Civ.P. 15(a)(2).

Accordingly, the Court denies Richard's motion as moot.

III. *Conclusion*

For the foregoing reasons, the Court GRANTS Monex's motion, staying all of Jason's counterclaims and compelling arbi-

tration of these claims. All other relief is DENIED.[6]

---

5. Jason concedes that the question of illegality of a contract is referred for resolution to arbitration in the first instance. (Oppo. at 6, citing *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 448–49, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006).)

6. The Court need neither consider nor strike the evidence submitted with Jason's opposition.